IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDA SKEET, Individually and as
Personal Representative of Redmond
Etsitty,**
    **Plaintiff,**

vs.                  No. CIV 10-0107 RB/WDS

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's (United States's) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), (Doc. 53), filed on October 31, 2011. Plaintiff (Ms. Skeet) filed a response in opposition to this motion on November 21, 2011, (Doc. 57); and the United States filed a reply brief on November 30, 2011, (Doc. 59). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, the record, and relevant law, the Court grants this motion as to the loss of consortium claim; and otherwise denies the motion.

**I.**  **Background**

On June 5, 2008, eleven-year-old Redmond Etsitty was playing with his cousins, Dominic and Diamond Skeet, at the base of a steep hillside near Redmond's home outside Vanderwagen, New Mexico. As the children were digging in the dirt, the hillside collapsed on Redmond and he died of asphyxiation. The hillside was located next to a waterline installed in 2006 by the Navajo Engineering and Construction Authority (NECA) and the Navajo Tribal Utility Authority (NTUA), contractors with the Indian Health Service (IHS), an agency within the Department of Health and Human Services (DHHS), under the Indian Self-Determination

and Education Assistance Act, 25 U.S.C. § 450f.

Ms. Skeet, the mother and personal representative of Redmond, brought this action for the wrongful death of Redmond under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 1346(b), 2671, & 2674. Ms. Skeet claims that the hillside collapsed because a steep cut was left in the hillside at the conclusion of the waterline project. According to Ms. Skeet, IHS negligently approved the plans for the waterline project that allowed the dangerous condition to arise and approved the actions of NECA and NTUA, which negligently failed to properly grade or slope the hillside.

On April 17, 2009, Ms. Skeet submitted an administrative claim to IHS on a Standard Form 95 for the wrongful death of Redmond Etsitty. (Def. Ex. A, Doc. 53-1). In a narrative attached to the claim form, Ms. Skeet claimed that IHS "either (1) negligently allowed its contractor or contractors to leave a steep cut in the hillside upon completion of the project; or (2) negligently failed to make a provision in the plans to grade or slope the hillside." (*Id.*) On the claim form, the amount of $5,000,000.00 was entered in the box for wrongful death, zero was entered in the box for personal injury, and the amount of $5,000,000.00 was entered in the box for the total. (*Id.*) On the same day, Marc Etsitty, the father of Redmond Etsitty, submitted a substantially identical claim. (Def. Ex. B, Doc. 53-2). Neither claim contained information about loss of consortium. (*Id.*) The claims were received by the DHHS on April 27, 2009. (*Id.*)

On January 27, 2010, the Eleventh Judicial District Court for the County of McKinley, State of New Mexico, appointed Ms. Skeet as the personal representative of Redmond Etsitty for purposes of the New Mexico Wrongful Death Act. (Doc. 57-1). *See* N.M. Stat. Ann. §§ 41-2-1 through 41-2-4.

On February 8, 2010, Ms. Skeet, Individually and as Personal Representative of Redmond Etsitty, initiated this lawsuit by filing a Complaint for Wrongful Death. (Doc. 1). On April 23, 2010, Ms. Skeet filed a First Amended Complaint for Wrongful Death. (Doc. 8). Therein, Ms. Skeet alleges two counts: (1) IHS took affirmative action to approve of its contractor leaving a steep cut in the hillside upon completion of the project; or, in the alternative, IHS affirmatively approved plans which violated applicable standards with respect to the grade or slope of the hillside and (2) IHS contracted with NECA and NTUA to install the waterline system, the contractors negligently failed to properly grade or slope the hillside, and the United States is responsible for the negligence of its contractors. (*Id*.)

On June 1 and 2, 2010, Ms. Skeet submitted amended administrative claims on Standard Forms 95. (Pl. Ex. 1 (Doc. 57-1)). The narrative attached to Ms. Skeet's amended claim, dated June 1, 2010, contains additional information regarding the pain and suffering experienced by Redmond after the hillside collapsed and before he died. (*Id*.) The state court order appointing Ms. Skeet as personal representative is also attached to this claim form. (*Id*.) The narrative attached to Ms. Skeet's amended claim form, dated June 2, 2010, is essentially the same as that attached to her claim form submitted on April 17, 2009. (*Id*.) On June 2, 2010, Marc Etsitty submitted an amended claim form that is substantially the same as the claim form submitted by Ms. Skeet on June 2, 2010. (*Id*.) On all three amended claim forms, the amount of $5,000,000.00 was entered in the box for wrongful death, the amount of $5,000,000.00 was entered in the box for personal injury, and the amount of $10,000,000.00 was entered in the box for the total damages. (*Id*.) None of the amended claims contain any information about loss of consortium. (*Id*.)

After a Rule 16 conference on June 9, 2010, United States Magistrate Judge W. Daniel

Schneider granted both counsels' request that this matter be stayed "for six months or until the Notice of Tort Claim is resolved." (Doc. 20).

On October 13, 2010, the DHHS issued a final determination letter denying Ms. Skeet's amended administrative tort claim, dated June 1, 2010, as untimely. (Pl. Ex. 2, Doc. 57-2). On April 7, 2011, Ms. Skeet and Marc Etsitty filed a Complaint for Wrongful Death and Loss of Consortium in this Court styled *Linda Skeet, Individually and as the Personal Representative of the Estate of Redmond Etsitty, deceased, and Marc Etsitty v. The United States of America*, and numbered CIV 11-0295 RB/RHS (subsequent suit).

## II.     Standard

Federal Rule of Civil Procedure 12(b)(1) empowers a district court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions filed pursuant to Rule 12(b)(1) generally entail either facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). For a facial challenge, the district court must accept the allegations of the complaint as true. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). For a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id.* In reviewing a factual attack, the district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003. In the context of a factual attack under Rule 12(b)(1), the Court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion. *Stuart*, 271 F.3d at 1225.

## III.    Discussion

The United States moves to dismiss the loss of consortium claim on the ground that Ms. Skeet failed to exhaust her administrative remedies with respect to this claim. Ms. Skeet does not directly address this argument, but responds that she exhausted all administrative remedies, that the United States waived sovereign immunity because defense counsel acquiesced to the stay and the final determination letter stated that Ms. Skeet was entitled to file suit within six months, and that this matter and the subsequent suit should be consolidated.

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit, *Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (citing 28 U.S.C. § 1346(b)), and "provides the exclusive avenue to assert a claim sounding in tort against the United States." *See In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) (citing 28 U.S.C. § 2679(a)). Specifically, the FTCA waives sovereign immunity for civil actions on claims for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

A plaintiff who sues under the FTCA must comply with the statute's administrative notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed. *Trentadue*, 397 F.3d at 852; *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003). Notably, "[t]he jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Trentadue*, 397 F.3d at 852. The purpose of the notice

requirement is to " 'allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim.' " *Trentadue*, 397 F.3d at 852.  Consistent with that purpose, although a plaintiff's administrative claim "need not elaborate all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims.  *Id.* at 853.

Loss of consortium is a separate cause of action under New Mexico law.  *Romero v. Byers*, 117 N.M. 422, 429, 872 P.2d 840, 847 (1994) (stating "damages for loss of consortium may not be awarded under the [New Mexico Wrongful Death] Act, but must be sued for by the spouse or the personal representative in an individual capacity.").  None of the administrative claims filed by Ms. Skeet and Marc Etsitty mentioned loss of consortium.  In that the administrative claims made no reference whatsoever to loss of consortium, they did not serve to exhaust such a claim.  *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991).  For this reason, the Court lacks subject matter jurisdiction over any claim for loss of consortium.

Ms. Skeet contends that defense counsel's acquiescence to the stay and the statement in the DHHS's final determination letter that Ms. Skeet was entitled to file suit within six months waived sovereign immunity.  This contention is contrary to law.  "Absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States."  *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Neither the United States's attorney nor an officer of the United States may waive sovereign immunity.  *Shaw v. United States*, 213 F.3d 545, 549 n. 5 (10th Cir. 2000).  Thus, neither representations by defense counsel at the Rule 16 conference nor the DHHS final determination letter could have waived sovereign immunity.  *See id.*

In her response brief, Ms. Skeet requests that this matter and the subsequent suit be

consolidated.  In its reply, the United States asserts that the amended administrative claims, filed on June 1 and 2, 2010, are barred.  The United States is correct.  "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Ms. Skeet exercised this option on February 8, 2010, when she initiated this lawsuit by filing a Complaint for Wrongful Death in this Court.  (Doc. 1). "A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)."  28 C.F.R. § 14.2(c).  By filing her lawsuit, Ms. Skeet exercised her option under 28 U.S.C. §2675(a) to treat the claim as denied.  Thereafter, Ms. Skeet was foreclosed from amending the claim.  28 C.F.R. § 14.2(c); *Stokes v. U.S. Postal Serv.*, 937 F. Supp. 11, 16 (D.D.C. 1996).  In that the amended claims were submitted after Ms. Skeet filed her lawsuit, they are invalid.

   Moreover, the administrative wrongful death claims submitted by Marc Etsitty are void. As the appointed personal representative, only Ms. Skeet may bring a claim under the New Mexico Wrongful Death Act.  *See* N.M. Stat. Ann. § 41-2-3; *Chavez v. Regents of the Univ. of N.M.*, 103 N.M. 606, 608-09, 711 P.2d 883, 885-86 (1985) (explaining that, under the New Mexico Wrongful Death Act, the personal representative acts as the statutory trustee for the individual statutory beneficiaries in order to "centralize the claims and prevent multiple and possibly contradictory lawsuits."). Because Marc Etsitty was not appointed personal representative for the purpose of pursuing the wrongful death claim, he is not legally entitled to assert a claim for the wrongful death of Redmond Etsitty.  In that the subsequent suit is based on invalid and void claims, it is barred and subject to dismissal.  Thus, there is no basis on which to

consolidate the actions.

The United States contends that the First Amended Complaint for Wrongful Death seeks only recovery for loss of consortium, and not for wrongful death. Ms. Skeet does not address this argument in her response. A fair reading of the First Amended Complaint reveals that it asserts a wrongful death claim for Redmond Etsitty. With regard to damages, the First Amended Complaint states: "On account of the wrongful death of Redmond Etsitty, Plaintiff and the statutory beneficiaries suffered injury including, but not limited to, the loss of comfort, love, affection, companionship, pain, anguish, sorrow, mental suffering, stress, shock and financial loss." (*Id.*) While damages for loss of consortium are unavailable as discussed *supra*, the language regarding damages is sufficiently general so as to encompass damages for wrongful death. Thus, dismissal of the wrongful death claim on this ground is inappropriate.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), (Doc. 53), filed on October 31, 2011, is **GRANTED AS TO ANY LOSS OF CONSORTIUM CLAIM AND OTHERWISE DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**